*Decision will be entered on 20 days' notice,
under Rule 50.*

---

CANTON ART METAL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CANTON STEEL CEILING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 7111, 7112.   Promulgated March 10, 1927.

1. Where bonuses are authorized to be paid to the officers and employees of a corporation and the amount to be paid to each employee and officer is determined prior to the close of the year, they are deductible from gross income in income-tax returns, even though no entry is made upon the books of account until the succeeding year.

2. A reserve for bonuses charged monthly upon the petitioners' books of account *held* not to be deductible from gross income where the amount to be paid to individual employees and officers was not determined until long after the close of the taxable year.

*William Simpson, Esq.*, and *John E. O. Feller, Esq.*, for the petitioners.

*J. H. Byrne, Esq.*, for the respondent.

These are proceedings for the redetermination of deficiencies in income and profits taxes as follows:

| | |
|---|---:|
| Canton Art Metal Co.: | |
| 1918 | $14, 328. 46 |
| 1919 | 1, 853. 77 |
| Canton Steel Ceiling Co.: | |
| 1918 | 2, 199. 61 |
| 1919 | 334. 01 |
| Total | 18, 715. 85 |

These two proceedings were consolidated for the purpose of hearing and decision. The respondent held the petitioners to be affiliated

within the purview of section 240 of the Revenue Act of 1918. The only questions presented for the determination of the Board grow out of the refusal of the respondent to allow as deductions from gross income in income-tax returns certain bonuses paid by the Canton Art Metal Co. for the years 1918 and 1919.

FINDINGS OF FACT.

2. On February 18, 1918, the board of directors of the company in meeting assembled, by unanimous vote of the entire board, adopted a resolution which reads as follows:

Moved by John W. Yohe, seconded by J. S. Shanks, that bonuses shall be paid out of the earnings of the year 1918 and each year thereafter in such amounts and to such officers and employees as the president shall direct.

3. In November, 1918, one Eckis, then bookkeeper of the company, was instructed by the president that a total of $10,000 would be paid as a bonus for the year 1918 and was also advised of the amounts which should be credited to each of the individuals on the basis of a $10,000 bonus. Eckis advised at least two of the employees, namely, C. E. Saint and Arthur W. Streckert, who were still in the service of the company, of the fact that a bonus was to be paid and of the amount each would receive for the year 1918. He did not, however, make any book entries in 1918 relative to the bonus. In February or March, 1919, accountants called in to audit the books of the company presented a statement of the business to the president who then, for the first time, learned that no entries had been made upon the books of the bonus which was to be paid. He then ordered such entries to be made, which was done.

4. At about the same time A. B. Clark, president of the company, which was then enjoying a very profitable business, ordered that a bonus of $35,000 be set up on the books of the company for the year 1919 in monthly installments of $3,500 each, beginning in March, 1919, and continuing throughout the year, which order was carried out. The amount of $3,500 a month was charged to general expense of the two factories operated by the company and credited to a "reserve for bonus."

5. Of the bonus set up for the year 1918, $1,971 was paid to six employees on April 2, 1919, $2,000 was paid to another employee on May 5, 1919, and $420 was paid to another employee in equal amounts on June 10 and December 24, 1919. On April 15, 1919, there was

passed to the credit of W. W. Clark, vice president and secretary of the company, who with A. B. Clark constituted the principal stockholders, $1,609; the remaining $4,000 of the reserve was credited to A. B. Clark on May 7, 1919.

6. Out of the reserve for bonus set up for the year 1919 in the amount of $35,000, payments were made to different employees during the year 1920 in the amount of $2,650. Credits were made to different employees up to December 31, 1920, of $1,700. On December 31, 1920, there was credited to different officers and employees $15,400. The balance of the $35,000 was credited as follows:

| | |
|---|---:|
| June 30, 1921, factory employees | $1,500 |
| March 12, 1923, Alfred Bowers | 300 |
| April 13, 1923, Alfred Bowers | 500 |
| September 16, 1923, A. B. Clark | 6,475 |
| September 16, 1923, W. W. Clark | 6,475 |

7. The capital stock of the Canton Art Metal Co. as of December 31, 1918, was divided into 1,500 shares common stock and 1,000 shares preferred stock. A. B. Clark owned 240 shares and W. W. Clark owned 401 shares common stock. Neither owned any of the preferred stock. The authorized salary of each for the year 1918 was $4,800 and for 1919 it was $6,000. Out of the reserve for bonus set up for the year 1919 in the amount of $35,000 there was paid or credited, during the years 1920 to 1923, to A. B. Clark $13,425, and to W. W. Clark $11,125.

8. Although the business of the Canton Art Metal Co. for the year 1918 and for the first eight or ten months of 1919 was profitable, business became very much depressed at the end of 1919 and the company suffered a large inventory loss for 1919, the result being that its return for that year, after the deduction of $35,000 for bonuses, showed a loss. The company was not during most of the year 1919 in a position to pay to its officers and employees the amount set up in its reserve for bonuses.

9. The petitioners kept their books of account upon the accrual basis. In the audit of their returns the respondent disallowed the deduction from gross income of the $10,000 claimed as a bonus paid to officers and employees for 1918, and $35,000 similarly claimed for 1919. The deficiencies result in part from such disallowances.

10. The practice of adding $3,500 per month to a reserve for bonus was continued during the year 1920 until $35,000 for the year had been set up. At the close of 1920, $25,275 of the amount so set up was credited back to general expense.

OPINION.

SMITH: The only question for our decision is the deduction from the gross income of the consolidated returns of $10,000 for the year

1918 and $35,000 for the year 1919. The petitioners contend that these amounts were authorized by the board of directors of the Canton Art Metal Co., that officers and employees knew of the intention of the company to pay bonuses for those years and, so far as the year 1919 is concerned, that the bonuses were actually charged upon the books during the year.

We think that the bonus authorized by the board of directors in 1918 is a legal deduction from the gross income of that year. The evidence shows that the president of the company determined the amount of the bonus and instructed the bookkeeper to charge the same upon the books of account, and to credit the various employees therewith. Certain employees of the company had been advised of the bonus to be paid them. Although the evidence as to the communication of the amount to be paid to each employee is somewhat vague, we are of the opinion that the corporation had a liability of $10,000 for bonuses at the close of 1918. *Appeals of American Express Co.*, 2 B. T. A. 498; *Josiah Wedgwood & Sons, Ltd.*, 3 B. T. A. 355; *Block & Kohner Mercantile Co.*, 4 B. T. A. 673.

We think that a different situation exists with respect to the payment of bonuses for the year 1919. A. B. Clark testified that about Christmas of 1919 he determined the amount of the bonus to be paid to the several employees, but the accounting records would indicate that there was no actual liability of the petitioner to pay bonuses for the year 1919 and we think that the fact that only $2,650 of the $35,000 set up as a reserve for bonus for 1919 was paid during the year 1920 argues very strongly that there had been no clear determination of the amount of the bonus to be paid. It was not until some time in 1921 that $1,500 of the amount set up was paid to the factory employees, and not until 1923 that a large part of the bonuses reserve was credited to officers and employees.

The evidence indicates that the " reserve for bonus " set up on the petitioners' books of account for 1920 was only the title under which a part of its surplus was carried. We think that the evidence shows no actual liability on December 31, 1919, on the part of the petitioners for the payment to their officers and employees of a bonus for 1919.

The year 1920 is not before us and we express no opinion as to the right of the petitioners to deduct from the gross income of 1920 amounts paid or credited to employees in 1920 out of the reserve for bonus standing upon their books of account at the time of such payment or credit.

*Judgment will be entered on 15 days' notice, under Rule 50.*